## PULVER vs. BURKE.

In respect to all lawful contracts, one made by an agent, for another, in his own name, is available as the contract of his principal, although the other party to the contract be ignorant of the fact that the person with whom he made it was acting merely as agent.

The rule, by analogy, must be the same in regard to contracts which are pro- hibited by the statute; and whether they are valid or voidable makes no difference, in determining whose contracts they really are.

Where money has been deposited by different persons, with a stakeholder, as a wager or bet upon the event of a horse race, which has been paid over to the winner, each depositor may recover of the winner the amount which he deposited, and no more; and separate actions can be brought by each, for such amount. And this although the bet was made by another person, in

Pulver *v.* Burke.

his own name, but for the benefit of the plaintiff, who furnished the money to be staked.

The fact of the winner's intending to make the bet with a person other than the plaintiff furnishes no reason why he should not be made to refund the money which he has illegally obtained.

APPEAL from a judgment rendered on a verdict for the defendant, at a circuit court held in the county of Onondaga.

The action was brought to recover back the sum of $66.66, which the plaintiff claimed to have deposited with a stakeholder, upon the event of a wager or bet upon a horse race, made with the defendant, and which deposit was paid over by the stakeholder to the defendant, in violation of the 8th and 9th sections of the article of the Revised Statutes in reference to "betting and gaming." (1 *R. S.* 662.)

It appeared on the trial that one Taggert, who owned a trotting horse, had talked with the defendant about a trotting match or matches between them, to be trotted by their respective horses; and in a conversation between Taggert and the plaintiff, it was agreed that Taggert should make the matches with the defendant, concealing from the latter the fact that the plaintiff was interested, for the reason that Burke had refused to make the match if the plaintiff had anything to do with it; that if the match was made, the plaintiff was to furnish two-thirds of the money necessary to make the match, and one Marsh was to furnish the residue, and if the horse of Taggert was successful, two-thirds of the money won was to belong to the plaintiff, and one-third to Marsh; and that all the interest Taggert was to have in the match was the gate money, and whatever sum the plaintiff and Marsh should choose to give him, in addition, for the use of his horse. Thereupon Taggert and the defendant agreed, in writing, in their own names, (Taggert informing the defendant that the plaintiff had nothing to do with it,) that their

horses should trot, at three different times, for a wager of $200 each time, and at places stated in the written agreement; that each party should put up $100 as forfeit money, if either should fail to put up the principal stakes, or should fail to trot as therein agreed. The defendant deposited his $100 with Lorin W. Marsh, the stakeholder agreed upon; and on the part of Taggert $100 was deposited with the stakeholder in the check of Marsh, Dillaye & Rogers, which the plaintiff directed Taggert to obtain from them for that purpose. And some days thereafter the plaintiff substituted, for his portion thereof, a certificate of deposit for $66.66, and deposited it with the stakeholder. The stakes which Taggert had agreed should be put up, were not furnished or staked, and the stakeholder handed over to the defendant the certificate of deposit for $66.66 which had been furnished and deposited with him by the plaintiff.

The judge held that the $66.66 was a loan made by the plaintiff to Taggert, and ordered a verdict for the defendant; to which the plaintiff excepted, and the jury thereupon rendered a verdict for the defendant, upon which judgment was entered, with costs.

*Mr. Garfield,* for the appellant.

*Charles Andrews,* for the respondent.

*By the Court,* FOSTER, J. I think the learned judge was mistaken in supposing the transaction was a loan. It is true that *in form* the written agreement for the match was in the names of Taggert and Burke alone, and appeared to be for their individual benefit. I do not see, however, how that fact can determine the rights of either of them, as between themselves and third persons. It is doubtless true, and needs no authority to support it, that in respect to all lawful contracts, one made by an agent for another,

in his own name, is available as the contract of his principal, although the other party to the contract be ignorant of the fact that the person with whom he makes it was acting merely as agent. The rule, by analogy, must be the same in regard to contracts which are prohibited by the statute; and whether valid or voidable, makes no difference, in determining *whose* contracts they really are. Besides, public policy requires that the rule, in that respect, should be the same in such a case as this; for only the party who actually pays, delivers or deposits the money upon the wager, can recover it back, and the nominal depositor cannot do so if the money paid, delivered or deposited be not his own. (*Ruckman* v. *Pitcher*, 20 *N. Y. Rep.* 11, 12.) If, therefore, the same rule does not apply to such contracts, the statute against betting could always be evaded by making the betting contract in the name of persons who had no real interest in the event.

It is a question of fact, then, whether as between the plaintiff and Taggert, the transaction was a loan, or whether the beneficial interest in the bet, to the extent of two-thirds thereof, belonged to the plaintiff, and whether the certificate of deposit for $66.66, which was delivered over by the stakeholder to the defendant was deposited for and belonged to the plaintiff. Upon that question there was no conflict in the evidence, and there was nothing to submit to the jury; for it all showed that the certificate of deposit was the property of the plaintiff, and was *in fact* deposited for his benefit.

Such being the fact, there can be no doubt that each of the parties depositing the $100 can recover against the defendant the amount which he deposited, and no more; and that separate actions can be brought by each for such amounts; and that the party in whose name the bet and deposit was made, for their benefit, cannot recover in his *own* name for them. These questions are settled by the case of *Ruckman* v. *Pitcher*, above referred to. In that

Pulver *v.* Burke.

case Ruckman made a bet, in his own name, with one Conkling, of $3000 against $2500, upon a race to be run by their respective horses; the race was determined in favor of Conkling, and the defendant, who was the stakeholder, paid the $3000 to Conkling. Of the $3000 put up by the plaintiff, only $600 belonged to himself, and the residue to several other persons, in separate proportions. The plaintiff brought his action against the defendant to recover the $3000, and the court decided that he could recover only the amount which he furnished, and that the defendant was liable in separate actions for the portions belonging to the other depositors.

If this were an action upon the contract entered into between Taggert and Burke, and was brought to enforce it, there might be doubt whether the plaintiff who had deceived Burke into the making of it, by fraudulently concealing and misrepresenting the fact that it was for his benefit, could be permitted to maintain such action in his own name, and claim that Taggert was not acting for himself. Such, however, is not the case. The action is brought to compel the defendant to refund money which he has obtained illegally and against the positive enactment of the statute; and in my opinion the fact of his intending to make the bet with another person than the plaintiff, furnishes no reason why he should not be made to refund the money which he has so illegally obtained.

I think the judgment should be reversed and a new trial granted, with costs to abide the event.